UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                  )
I.A.M. NATIONAL PENSION FUND,     )
NATIONAL PENSION PLAN,            )
                                  )
          and                     )
                                  )
WARREN MART and                   )
BURTON C. TREBOUR,                )
Co-chairmen of the Board of       )
Trustees of the I.A.M.            )
National Pension Fund,            )
                                  )
1300 Connecticut Avenue, NW       )
Suite 300                         )
Washington, DC  20036             )
(202) 785-2658                    )
                                  )
          Plaintiffs,             )
                                  )
     v.                           )     Case No.
                                  )
OWENS-ILLINOIS, INC.              )
One Seagate                       )
Toledo, Ohio 43666                )
(419) 247-1369                    )
                                  )
          Defendant.              )
_____)

COMPLAINT

(An action for legal and equitable relief to enforce §515 of the
Employee Retirement Income Security Act of 1974, as amended by
the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C.
§1145)

     1.  This is an action for legal and equitable relief

         brought pursuant to 29 U.S.C. §1132(a)(3) by the I.A.M.

         National Pension Fund, National Pension Plan (hereafter

         "the Plan") and its Co-Chairmen to secure the

         performance of statutory and contractual obligations

         owed to the Plan by the defendant.

- 2 -

2.   This Court has jurisdiction of this action under the provisions of 29 U.S.C. §1132(e)(1).

3.   Venue is proper in this Court pursuant to 29 U.S.C. §1132(e)(2).

4. The Plan is a collectively bargained labor-management pension trust fund created by Agreement and Declaration of Trust originally entered into on May 1, 1960, pursuant to the provisions of 29 U.S.C. §186(c)(5).  The Plan maintains its principal place of business at 1300 Connecticut Avenue, NW, Suite 300, in the City of Washington, DC.

5.   The Plan is an "employee pension benefit plan" within the meaning of 29 U.S.C. §1002(2) and a "multi-employer plan" within the meaning of 29 U.S.C. §1132(d)(1).

6.   Warren Mart and Burton C. Trebour are the Co-Chairmen of the I.A.M. National Pension Fund Board of Trustees and are fiduciaries within the meaning of 29 U.S.C. §1132(a)(3).

7.   The defendant OWENS-ILLINOIS, INC, (hereafter "O-I") is a for-profit business organization. Its principal office and place of business is located in Toledo, Ohio.

8.   On or about December 14, 2002, O-I entered into a collective bargaining agreement with Local Lodge No. 2671 of District Lodge No. 65 of the International Association of Machinists and Aerospace Workers (hereafter referred to as "the

- 3 -

Union").  Among other things, that collective bargaining

agreement obligated O-I to commence making regular contributions

to the Plan on behalf of those of its employees in the bargaining

unit represented by the Union, and to continue those

contributions during the term of the agreement and its subsequent

renewal thereof.

9.    By letter dated January 3, 2003, O-I was advised that

before acceptance as a Contributing Employer, it must provide

certain information and submit a signed Collective Bargaining

Agreement, incorporating the Plan's Standard Contract Language

either in the body of the agreement or signed as an addendum.

10.   Between January 3, 2003, and the beginning of May 2003,

communications continued among O-I, the Union and the Plan.

11.   On April 30, 2003, the defendant executed a document

entitled I.A.M. National Pension Fund, National Pension Plan

STANDARD CONTRACT LANGUAGE and sent a copy of the executed

document to the Plan by facsimile.

12.   A facsimile copy of the document described in paragraph

11, was sent to the Union, executed by the Union on May 2, 2003,

and a facsimile copy, with the signatures of both O-I and the

Union, was returned to the Plan May 5, 2003.

13.   Having  "received the necessary documents from the

parties," the Plan sent a Notice of Acceptance, dated May 9,

2003.

- 4 -

14.   The document, signed by O-I on April 30, 2003 and sent
to the Plan by O-I on that date, has paragraphs labeled A through
F.   After paragraph F. is the phrase "end of Standard Contract
Language."   There is a second page of "options", ending with
space for signatures of the Union and the Employer.

15.    The document signed by O-I on April 30, 2003, and sent
to the Plan by O-I on that date, indicates, among other things;

    **a)** it is Article 19 of the Collective Bargaining
Agreement between the Union and O-I

    **b)** O-I shall contribute to the Plan certain specified
amounts for each hour for which O-I's employees in
covered job classifications are entitled to
receive pay

    **c)** it contains the entire agreement between the
parties regarding pensions

    **d)** any contrary provisions in the collective
bargaining agreement shall be void and

    **e)** no oral or written modification of this agreement
shall be binding upon the Trustees of the Plan.

16.    Notwithstanding the obligations it undertook when it
signed the Standard Contract Language and the representations it

- 5 -

made to the Plan when it presented that document as Article 19 of its collective bargaining agreement, O-I has refused to abide by the terms of that agreement.

17.   An independent auditor hired by the Plan has determined that between January, 2003 and May 31, 2005, O-I under-contributed $102,414.70. The audit was conducted in July, 2005.

18.   O-I has requested and was granted a credit of $46.07. Therefore, as of the date of this action, O-I owes the Plan $102,414.70 in underpayment minus $46.07, or $102,368.63, plus Interest and Liquidated Damages, as provided by the Plan document and statute.

19. Article V, Section 4 of the Plan Trust Agreement dated May 1, 1960, as amended, by which Defendant has agreed to be bound, provides in pertinent part as follows:

> When an Employer has failed to pay the amounts due to the Pension Fund when such amounts become due and payable, that Employer shall be considered delinquent. If the Employer fails to make contributions within thirty (30) days after the date of the delinquency, the Employer shall be liable for liquidated damages of 20% of the amount due and simple interest shall be paid on all amounts due at the rate of 18% per annum from the date of the delinquency until the date payment is received.  The Trustees may from time to time change the applicable percentages for liquidated damages and interest, but on a uniform basis for all Employers.
>
> The Trustees shall have the power to take any action necessary to enforce the payment of contributions, liquidated damages, interest, and other amounts due, including, but not limited to, the institution of or intervention in any legal, equitable or administrative proceedings, and all reasonable

- 6 -

expenses incurred by the Fund in enforcing the payment
of contributions, liquidated damages, interest, and
other amounts due, including, but not limited to
reasonable attorneys' fees, accountants' fees and court
costs shall be added to the obligation of the
defaulting Employer in addition to the amount due.  The
Employer agrees that such sums, together with
liquidated damages and interest as set forth above,
shall be included in any judgment issued by a court.
The Trustees shall have the authority to settle or
compromise any claims, suits, or legal actions for less
than the full amount due when in their discretion, they
deem it in the best interest of the Fund.


20. 29 U.S.C. §1145, provides:

> Every employer who is obligated to make contributions
> to a multiemployer plan under the terms of the plan or
> under the terms of a collectively bargained agreement
> shall, to the extent not inconsistent with law, make
> such contributions in accordance with the terms and
> conditions of such plan or such agreement.


21. 29 U.S.C. §1132(g)(2), provides:

> **(2)** In any action under this subchapter by a
> fiduciary for or on behalf of a plan to enforce section
> 1145 of this title in which a judgment in favor of the
> plan is awarded, the court shall award the plan--
>
> **(A)** the unpaid contributions,
> **(B)** interest on the unpaid contributions,
> **(C)** an amount equal to the greater of--
> >  **(i)** interest on the unpaid contributions, or
> >
> >  **(ii)** liquidated damages provided for under the
> >      plan in an amount not in excess of 20 percent
> >      (or such higher percentage as may be
> >      permitted under Federal or State law) of the
> >      amount determined by the court under
> >      subparagraph (A),
> **(D)** reasonable attorney's fees and costs of the action,
> to be paid by the defendant, and

- 7 -

      **(E)** such other legal or equitable relief as the court
deems appropriate.
For purposes of this paragraph, interest on unpaid
contributions shall be determined by using the rate
provided under the plan, or, if none, the rate
prescribed under section 6621 of Title 26.

    WHEREFORE, Plaintiffs pray that the court grant the Plan

judgment in the amount of $102,368.63, plus Interest and

Liquidated Damages, Attorney's Fees and Court Costs to date of

judgment as provided by 29 U.S.C. §1132(g)(2), and enter an order

requiring O-I to review its records and submit correct reports

for the period June 2005 to the present and further order O-I to

continue to submit reports and contributions in accordance with

Article 19 of its collective bargaining agreement, as it has

represented that article to the Plan and such other legal or

equitable relief as the Court deems appropriate and proper.


                            Respectfully submitted,


Dated:    July 18, 2006      /s/ _____
                                  Joseph P. Martocci, Jr., #955716
                                  1300 Connecticut Avenue, NW
                                  Suite 300
                                  Washington, DC  20036
                                  (202) 785-2658
                                  jmartocci@iamnpf.org


                                /s/ _____
                                  Robert T. Osgood, #247973
                                  1300 Connecticut Avenue, NW
                                  Suite 300
                                  Washington, DC  20036
                                  (202) 785-2658

- 8 -

rosgood@iamnpf.org

Attorneys for Plaintiffs