UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| I.A.M. NATIONAL PENSION FUND, NATIONAL PENSION PLAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>OWENS-ILLINOIS, INC.,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 06-1271 (RWR)<br>)<br>)<br>)<br>)<br>) |

## LOCAL RULE 16.3 JOINT REPORT

The I.A.M. National Pension Fund ("Fund") and its Co-Chairmen Trustees (collectively referred to as "Plaintiffs") and Owens-Illinois, Inc. ("Defendant"), by and through their undersigned counsel, hereby submit this Joint Report pursuant to Local Rule 16.3.

## STATEMENT OF THE CASE

Defendant entered into a collective bargaining agreement with Local Lodge No. 2671 of District Lodge No. 65 of the International Association of Machinists and Aerospace Workers ("Union"), which obligated it to make contributions to the Fund on behalf of its employees in the bargaining unit represented by the Union during the term of the agreement and any subsequent renewals. Plaintiffs contend that Defendant erroneously made contributions based on hours worked rather than hours paid, thus resulting in a shortage due the Fund in the amount of $102,368.63, plus interest and liquidated damages. Plaintiffs seek recovery of this amount, along with attorneys' fees and costs, under the Section 502(g)(2) of the Employee Retirement Income Security Act, 29 U.S.C. §1132(g)(2), and Section 306(b)(2) of the Multiemployer Pension Plan Amendments Act of 1980.

Defendant disputes that it was obligated to make such contributions based on hours paid. Defendant contends, among other things, that Article 19 of the collective bargaining agreement ("CBA") controls Owens-Illinois' rate of contributions to the Fund, that the CBA obligates Owens-Illinois to make contributions to the Fund based on "per hour worked in a regular work week," and that at all times Owens-Illinois has made contributions to the Plan as promised by the terms of the CBA.  Defendant further contends that it erroneously overpaid contributions to the Fund and has thus counterclaimed for a refund of $16,257.88.  Defendant contends that the Fund breached the terms of the CBA and that this breach resulted in the Fund being unjustly enriched to support the Defendant's counterclaim for a refund.

## **AGREEMENTS ON TOPICS LISTED IN LOCAL RULE 16.3(c)**

The Parties have reached agreement as follows:

(1) *Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.*

The Parties believe that this case is likely to be resolved by dispositive motion.  No dispositive motions have yet been filed.

(2) *The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

The parties have agreed that other parties shall be joined or the pleadings amended by January 8, 2007.  It is unknown at this time whether some or all of the factual issues can be agreed upon or narrowed.

(3) *Whether the case should be assigned to a magistrate judge for all purposes, including trial.*

No.

(4) *Whether there is a realistic possibility of settling the case.*

Plaintiffs believe that there is not a realistic possibility of settling the case. Defendant believes that this case can be settled and that it would be beneficial to have a settlement conference with a magistrate judge after all written discovery has been completed.

*(5)   Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.*

Plaintiffs believe that this case would not benefit from the Court's ADR procedures. Defendant believes that ADR may be of benefit to the case after the completion of written discovery.

*(6)   Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.*

The Parties agree that it is possible the case will be resolved on dispositive motions. The Parties propose that such motions be filed by May 11, 2007, oppositions be filed by June 11, 2007, and replies, if any filed by June 26, 2007. The Parties respectfully propose that the Court issue a decision on motions no later than forty-five (45) days before the pre-trial conference.

*(7)   Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.*

The Parties do not stipulate to dispense with initial disclosures. In accordance with the Court's discovery guidelines for standard cases, the Parties agree that initial disclosures will be completed by December 20, 2006.

*(8)   The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.*

In accordance with the Court's discovery guidelines for standard cases, the Parties propose a discovery deadline of March 20, 2007. Discovery shall be conducted pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Columbia. It

is premature for the Parties to determine whether a protective order will be appropriate. The Parties agree to a limit of 25 interrogatories per side and a limit of 8 depositions per side.

(9)     *Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P. should be modified, and whether and when depositions of experts should occur.*

The Parties do not anticipate using expert witnesses. However, should this change, the Parties do not believe that the requirements of F.R.Civ.P. 26(a)(2) should be modified. In addition, in the event the need for experts arises, the Parties will meet and confer promptly to determine appropriate deadlines for expert designations and counter designations.

(10)    *In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.*

This case is not a class action.

(11)    *Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.*

The Parties do not believe that discovery or trial should be bifurcated or managed in phases.

(12)    *The date for the pretrial conference (understanding that a trial will take place 30 to 60 days after).*

The Parties propose a pretrial conference no sooner than 45 days after the Court issues its decision on dispositive motions.

(13)    *Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.*

The Parties request that the Court set a trial date at the pretrial conference.

(14)    *Such other matters that the parties may believe may be appropriate for inclusion in a scheduling order.*

The Parties do not have any other matters they believe should be included in the scheduling order.

4

Respectfully submitted,

| | | | |
|---|---|---|---|
| By: | /s/ Ellen O. Boardman<br>Ellen O. Boardman, #375563<br>O'DONOGHUE & O'DONOGHUE LLP<br>4748 Wisconsin Avenue, N.W<br>Washington, DC 20016<br>(202) 362-0041<br>eboardman@odonoghuelaw.com<br>Attorney for Plaintiff | By: | /s/ Michele Levy Berlove<br>Michele Levy Berlove, # 468883<br>KIRKPATRICK & LOCKHART<br>NICHOLSON GRAHAM LLP<br>1601 K Street, N.W.<br>Washington, DC 20006<br>(202) 778-9316<br>mberlove@klng.com<br>Attorney for Defendant |

By: /s/ Robert T. Osgood
    Robert T. Osgood #247973
    Joseph P. Martocci, Jr., #955716
    1300 Connecticut Avenue, NW
    Suite 300
    Washington, DC 20036
    (202) 785-2658
    jmartocci@iamnpf.org
    rosgood@iamnpf.org
    Attorneys for Plaintiff

Dated: November 8, 2006

148454_1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| I.A.M. NATIONAL PENSION FUND, NATIONAL PENSION PLAN, et al., ) ) ) ) Plaintiffs, ) ) v. ) OWENS-ILLINOIS, INC., ) ) Defendant. ) | Civil Action No. 06-1271 (RWR) |

## **PROPOSED SCHEDULING ORDER**

| | |
|---|---|
| Date for Initial Disclosures: | December 20, 2006 |
| Final date to join parties or amend pleadings: | January 8, 2007 |
| Date for Proponent's Rule 26(a)(2) Statements Regarding Expert Testimony: | To be Determined Should Experts be Necessary |
| Date for Opponent's Rule 26(a)(2) Statements: | To be Determined Should Experts be Necessary |
| Discovery Cut-Off: | March 20, 2007 |
| Final Date to File Dispositive Motions: | May 11, 2007 |
| Date for Opposition Briefs: | June 11, 2007 |
| Date for Filing Replies: | June 26, 2007 |
| Proposed Date for Decision on Dispositive Motions: | 45 days before Pre-Trial Conference |

2

Proposed Date for Pretrial Conference Motions:        45 days after Decision on Dispositive

Trial Date:        To be set at Pretrial Conference

_____
The Honorable Richard W. Roberts
United States District Judge

Dated:  November __, 2006

2